UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL AKPAN,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK, VICTOR LARA,
ANDREW TURANO, JOHN FLANAGAN,

                    Defendants.
------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial

15 CV 8121 (JPO)

      Plaintiff MICHAEL AKPAN (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

      2.     The action is brought pursuant to 42 U.S.C. §§1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of New York, State of New York.

7. Defendant City of New York is a municipal corporation. Defendants Lara, Turano and Flanagan are members of the NYPD. They are sued in their individual, supervisory and official capacities.

## FACTS

8. On December 9, 2012, plaintiff had tickets to attend a show at Webster Hall.

9. When plaintiff arrived at the location, he was informed by the NYPD officers that the place was too packed and that the show had moved to a different location.

10. Plaintiff and his friends arrived at the location as they were directed by the NYPD officers and were standing in front of the line.

11. As plaintiff and his friends waited in front of the line, Defendants Lara, Turano and Flanagan arrived on the scene and asked plaintiff and others what they were doing there.

12. When plaintiff and others stated that they were directed to the location, defendant Flanagan directed the other individual defendants to "get rid of this mess." Defendants Lara and Turano then began using their batons to hit plaintiff and his friend without any warning and using unnecessary physical force. Plaintiff was assaulted without giving him an opportunity to disperse or walk away.

13. Plaintiff was then beaten, falsely charged with various crimes and taken to the precinct.

14. Plaintiff spent 2 days in jail before he was released and he went to Bellevue Hospital because he was denied treatment for his injuries and for his diabetic condition. Plaintiff told the individual defendants about his injuries and condition but his requests for medical attention were ignored.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive use of force/false arrest-Fourth Amendment)

15. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

16. Plaintiff was directed to the location of his arrest by members of the NYPD.

17. When plaintiff and the others arrived at the location for the concert, they were asked by the individual defendants about their presence.

18.     When plaintiff and his friend told the individual defendants that they were directed to come there by the NYPD officers, the individual defendants started to handcuff plaintiff and his friend.

19.     Even though plaintiff did not resist the unlawful arrest, he was thrown to the ground and had his face pinned on the sidewalk. One of the individual defendants held his boot on plaintiff's face, while the other two defendants yanked plaintiff's hands behind his back and handcuffed him.

20.     This process of handcuffing caused plaintiff sever pain to his arms, shoulders and his wrists.

21.     Defendants assaulted him and falsely arrested him on fabricated charges.

22.     As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive force, false arrest and assault were violated and he sustained constitutional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Denial of Right to Fair Trial)

23.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

24.     Defendants' actions and conduct denied plaintiff the right to a fair trial by creating false information that would have likely to influence a jury and forwarding that information to the prosecutors.

25.     Defendants' actions of fabricating evidence and signing official documents were unconscionable and plaintiff is entitled to relief under the theory of denial to a fair trial and plaintiff suffered constitutional injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

28. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to engaging in the type of conduct alleged in the factual portion of this complaint, by deploying unlawful practices. In addition, officers engaged in illegal conduct by charging individuals with resisting arrest to cover up the excessive use of force. In addition, the NYPD has failed to train its members on the proper use of handcuffs and this has resulted in a simple handcuffing procedure into a painful and otherwise unnecessary infliction of pain on arrestees. In addition, NYPD has not trained its officers to deal with arrestees who suffer from medical condition and instead have ignored the pleas by the arrestees that have resulted in unnecessary pain and cruel and unusual punishment.

29. Charging individuals with resisting arrest when use of force is involved is an endemic problem within the NYPD who use that charge as leverage when an arrestee has been assaulted or has been a victim of police brutality. Furthermore the lack of

handcuff training or lack of training to deal with individuals with medical conditions has led injuries to plaintiff.

30. The problem is so prevalent that the NYPD recently issued new guidelines to monitor arrests involving "resisting arrest" and use of force. The NYPD recognizes this as a widespread problem with their members simply charging individuals with "resisting arrest" each and every time they use excessive force.

31. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

32. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

33. Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights by engaging in these types of similar conduct and thus making the defendant City of New York liable under *Monell*.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Deliberate Indifference)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. Plaintiff is a diabetic.

36. Plaintiff involved the individual defendants about his medical condition.

37. The individual defendants ignored plaintiff's request for medical attention for his diabetic condition and his injuries from the excessive force.

38. Plaintiff was suffering from agonizing pain and his diabetic condition made him feel worse and in risk of death or severe permanent injuries. However, despite being aware of these signs and symptoms, the individual defendants ignored plaintiffs' pleas to take him to a medical provider.

39. As a result, defendants were deliberately indifferent to plaintiff's medical needs and he suffered injuries.

**WHEREFORE,** the Plaintiff requests that this Court:

    a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount of Fifty Thousand Dollars for each and every cause of action;

    b. Award the costs of this action to the Plaintiff.

    c. Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.

    d. Award punitive damages as determined by the jury;

    e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
December 2, 2015

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Robert Blossner (RB0526)
Vik Pawar (VP9101)
*Attorneys for Plaintiff*